UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

      Plaintiffs,

v.                                                      Civil No. 10-4257 (JNE/AJB)
                                                      ORDER

Ivy Tower Minneapolis, LLC, Jeffrey Laux,
Gary Benson, Burnet Realty, LLC,
Commonwealth Land Title Insurance Company,
John Doe, Mary Rowe, and XYZ Corp.,

      Defendants.

In October 2004, Plaintiffs signed purchase agreements for two condominiums in a development in Minneapolis, Minnesota. Plaintiffs brought this 11-count action against individuals and entities associated with the development. The case is before the Court on Burnet Realty, LLC's motion to dismiss.[1] For the reasons set forth below, the Court grants Burnet Realty's motion.

Burnet Realty asserts that Plaintiffs failed to state a claim against it. *See* Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff.[2] *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of

---

[1]    The Court will address Commonwealth Land Title Insurance Company's motion to dismiss in a separate order.

[2]    The materials submitted via Richard Lind's affidavit do not require the Court to treat Burnet Realty's motion as one for summary judgment. *See Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Counts I and II*

In Counts I and II of the Complaint, Plaintiffs assert claims against Ivy Tower Minneapolis, LLC, Burnet Realty, and Developers[3] for violations of 15 U.S.C. § 1703(a) (2006). Burnet Realty asserts that Count I should be dismissed because the claim is directed toward Developers. Although a parenthetical under Count I includes Burnet Realty among the defendants against whom the claim is asserted, Plaintiffs repeatedly direct the claim's allegations toward Developers. The Court concludes that Plaintiffs failed to state a claim against Burnet Realty in Count I.

Burnet Realty also asserts that Counts I and II should be dismissed because Plaintiffs failed to specify the means or instruments of interstate commerce that Burnet Realty allegedly used to violate § 1703(a). In fact, the Court observes that Plaintiffs made no allegation at all that Burnet Realty made "use of any means or instruments of transportation or communication in

---

[3] The Complaint defines Developers as Jeffrey Laux, Gary Benson, John Doe, Mary Rowe, and XYZ Corp.

interstate commerce, or of the mails." 15 U.S.C. § 1703(a). Plaintiffs therefore failed to state a claim against Burnet Realty in Counts I and II.[4]

*Count IV*

Plaintiffs assert a fraud claim against Ivy Tower Minneapolis, Burnet Realty, and Developers in Count IV. Burnet Realty maintains that the claim against it should be dismissed because Plaintiffs failed to allege fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) states: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."

> Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Rule 9(b) should be read "in harmony with the principles of notice pleading."

*BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted); *see Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). The Court's review of the Complaint reveals that Plaintiffs failed to plead its fraud claim against Burnet Realty with the particularity required by Rule 9(b). *See Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010). The Court dismisses Count IV insofar as it is asserted against Burnet Realty.

*Count VII*

In Count VII, Plaintiffs assert a claim of unjust enrichment against Ivy Tower Minneapolis, Burnet Realty, and Developers. Burnet Realty contends that Count VII should be

---

[4] Burnet Realty asserts in the alternative that such jurisdictional allegations as are contained in the Complaint are insufficient as to the two federal claims. The Court need not address this alternative argument in connection with Burnet Realty's motion.

dismissed because its allegations are directed toward Developers. Although a parenthetical under Count VII includes Burnet Realty among the defendants against whom the claim is asserted, Plaintiffs repeatedly direct the claim's allegations toward Developers. The Court concludes that Plaintiffs failed to state a claim against Burnet Realty in Count VII.

*Counts IX and X*

In Counts IX and X, Plaintiffs assert claims for a violation of Minn. Stat. § 559.217 (2010) and for conversion, respectively, against all defendants. In support of each claim, Plaintiffs allege that "Defendants either failed to deposit money in the trust account or removed money from the trust account without legal cause or court direction." Burnet Realty asserts that the claims should be dismissed against it because Plaintiffs failed to allege the actions of Burnet Realty that entitle Plaintiffs to relief. Plaintiffs concede that Burnet Realty provided their earnest money checks to Commonwealth and that Commonwealth deposited the checks in trust accounts for Plaintiffs. Plaintiffs also concede they have no evidence that Burnet Realty received any disbursements of the funds. The Court dismisses Counts IX and X insofar as they are asserted against Burnet Realty.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Burnet Realty's motion to dismiss [Docket No. 2] is GRANTED.
2. The Complaint is DISMISSED as to Burnet Realty.

Dated: March 7, 2011

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge