UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

      Plaintiffs,

v.                                                                                    Civil No. 10-4257 (JNE/AJB)
                                                                                   ORDER

Ivy Tower Minneapolis, LLC, Jeffrey Laux,
Gary Benson, Burnet Realty, LLC,
Commonwealth Land Title Insurance Company,
John Doe, Mary Rowe, and XYZ Corp.,

      Defendants.

      In October 2004, Plaintiffs signed purchase agreements for two condominiums in a development in Minneapolis, Minnesota. Plaintiffs brought this 11-count action against individuals and entities associated with the development. On March 7, 2011, the Court dismissed Plaintiffs' claims against Burnet Realty, LLC. Two motions are before the Court: (1) a motion to dismiss filed by Ivy Tower Minneapolis, LLC, Jeffrey Laux, and Gary Benson; and (2) a motion to dismiss filed by Commonwealth Land Title Insurance Company. For the reasons set forth below, the Court grants Ivy Tower Minneapolis, Laux, and Benson's motion on Counts I and II. The Court declines to exercise supplemental jurisdiction over the remaining claims.

      The Court first considers the motion to dismiss of Ivy Tower Minneapolis, Laux, and Benson. When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of

the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In Counts I and II of the Complaint, Plaintiffs assert claims against Ivy Tower Minneapolis, Burnet Realty, and Developers[1] for violations of 15 U.S.C. § 1703(a) (2006). Ivy Tower Minneapolis, Laux, and Benson assert that Counts I and II should be dismissed because Plaintiffs failed to adequately allege the interstate commerce element of their claims under § 1703(a). Having reviewed the Complaint, the Court agrees that Plaintiffs failed to adequately allege "use of any means or instruments of transportation or communication in interstate commerce, or of the mails." 15 U.S.C. § 1703(a); *cf. Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575-76 (8th Cir. 2010) (per curiam); *Merritt v. Lyons Heritage Pasco, LLC*, No. 8:09-cv-1201-T-27TGW, 2010 WL 3666763, at *3 (M.D. Fla. Sept. 15, 2010); *Paramo v. IMICO Brickell, LLC*, No. 08-20458-CIV, 2008 WL 4360609, at *4-6 (S.D. Fla. Sept. 24, 2008). The Court therefore dismisses Counts I and II.

Having dismissed Counts I and II, the only claims that fall within the Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3) (2006); *Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th

---

[1] The Complaint defines Developers as Jeffrey Laux, Gary Benson, John Doe, Mary Rowe, and XYZ Corp.

Cir. 2008); *Barstad v. Murray County*, 420 F.3d 880, 888 (8th Cir. 2005). The Court dismisses the remaining claims without prejudice.[2]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The motion to dismiss of Ivy Tower Minneapolis, Laux, and Benson [Docket No. 23] is GRANTED IN PART.

2. As to Burnet Realty, the Complaint is DISMISSED. As to all other defendants, Counts I and II are DISMISSED, and Counts III to XI are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 14, 2011

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[2] The Court expresses no opinion on the arguments raised by Ivy Tower Minneapolis, Laux, and Benson as to the remaining claims. The Court expresses no opinion on Commonwealth Land Title Insurance's motion.