UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

      Plaintiffs,

v.                                                               Civil No. 10-4257 (JNE/AJB)
                                                               MEMORANDUM

Ivy Tower Minneapolis, LLC, Ivy Tower
Development, LLC, Moody Group, LLC,
Goben Enterprises, LP, Wischerman Holdings,
LLC, Jeffrey Laux, Gary Benson, Burnet
Realty, LLC, Commonwealth Land Title
Insurance Company, LLC, John Doe, Mary
Rowe, and XYZ, Corp.,

      Defendants.

In an Order dated June 29, 2012, the Court denied Plaintiffs' Motion for Leave to Amend Complaint insofar as Plaintiffs sought leave to assert claims against Burnet Realty, LLC; granted Plaintiffs an opportunity to submit a memorandum of law that addressed any error they discerned in the Order; and afforded Burnet Realty an opportunity to respond.  Having reviewed the memoranda submitted by Plaintiffs and Burnet Realty, the Court perceives no error in the June 29 Order.

According to Plaintiffs, the magistrate judge's "practice of striking motions to amend filed after motions to dismiss prevented [them] from seeking amendment before judgment was entered."  In support, they cited one order issued by the magistrate judge in another case.  In that case, the defendants moved for summary judgment on the sole federal claim, and they asserted that supplemental jurisdiction over the state-law claims should not be exercised.  Defendants' Memorandum of Law, *Streambend Properties, LLC v. Carlyle Condos, LLC*, Civil No. 09-2102 (D. Minn. Nov. 25, 2009).  A few weeks later, the plaintiff moved for leave to amend.  The

1

magistrate judge struck the plaintiff's motion to "further[] the interest of efficient management of [the] litigation." Order, *Streambend Properties*, Civil No. 09-2102 (D. Minn. Dec. 22, 2009). The magistrate judge indicated that the plaintiff could consider filing the motion to amend after resolution of the defendants' motion. *Id.* Later, the magistrate judge recommended that the defendants be granted summary judgment on the federal claim and that supplemental jurisdiction over the state-law claims be declined. Report and Recommendation, *Streambend Properties*, Civil No. 09-2102 (D. Minn. May 18, 2010). Notwithstanding the order striking the plaintiff's motion to amend, the magistrate judge also recommended that the plaintiff's motion to amend be denied as moot:

> Plaintiff has moved for leave to file an amended complaint which adds parties and various state law claims, eliminates a state law statutory claim, and modifies other counts, including the ILSA action. The proposed amended complaint contains no allegations which would cause the court to alter its analysis and conclusions with regard to application of the ILSA and the exercise of federal jurisdiction in this matter. The motion to amend should therefore be denied as moot.

*Id.* at 16. Adopting in part and rejecting in part the Report and Recommendation, the district judge denied the defendants' motion for partial summary judgment, vacated the magistrate judge's order denying the plaintiff's motion for leave to amend, and vacated the magistrate judge's order striking the plaintiff's motion for leave to amend. Order, *Streambend Properties*, Civil No. 09-2102 (D. Minn. Aug. 2, 2010).

Having reviewed the case on which Plaintiffs relied to establish the magistrate judge's practice of striking a motion to amend filed after a motion to dismiss, the Court discerns no such practice. One order striking a motion to amend filed after a motion to dismiss hardly constitutes a practice, especially when the magistrate judge recommended that the motion to amend be denied as moot notwithstanding the earlier order striking it and the district judge vacated the order striking the motion to amend. In addition, the magistrate judge does not routinely strike a

motion to amend filed after a motion to dismiss.  *See Amusemints, LLC v. Webb Candy Co.*, Civil No. 11-3210, 2012 WL 2359655, at *1 (D. Minn. June 18, 2012) (noting magistrate judge granted motion to amend filed after motion to dismiss).  Nevertheless, the Court assumes for present purposes that a practice of striking a motion to amend filed after a motion to dismiss existed.  The putative practice did not prevent Plaintiffs from amending their Complaint.

Plaintiffs commenced this action on October 15, 2010.  Burnet Realty filed its motion to dismiss on November 10, 2010.  Plaintiffs could have amended their Complaint "once as a matter of course" within 21 days after service of Burnet Realty's motion.  Fed. R. Civ. P. 15(a)(1)(B); *see* Fed. R. Civ. P. 15 advisory committee notes, 2009 amendments ("[T]he right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b) . . . .  This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion.").  Although Plaintiffs considered an amendment to their Complaint during the time that they could have amended "once as a matter of course," they did not amend it.

After the expiration of the 21-day period of Rule 15(a)(1)(B), Plaintiffs still could have sought leave to amend.  *See* Fed. R. Civ. P. 15(a)(2).  Assuming that Plaintiffs refrained from moving to amend because of the putative practice, the Court discerns no explanation for Plaintiffs' failure to file a motion to amend in the immediate aftermath of the Order that granted Burnet Realty's motion.  Assuming that Plaintiffs refrained from seeking leave to amend before resolution of the remaining defendants' motions to dismiss, the Court discerns no explanation for Plaintiffs' failure to seek leave to amend in the immediate aftermath of the Order dated April 14, 2011.  *See United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) ("[P]ost-judgment leave to amend may be granted if timely requested.").

Finally, a practice of routinely striking a motion to amend filed after a motion to dismiss is procedurally improper.  *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("[T]he district court ignored [plaintiff's] motion to amend, granted [defendant's] motion to dismiss the original complaint, and then denied [plaintiff's] motion to amend the complaint as *moot*.  That approach, as a procedural matter, was plainly erroneous.  If anything, [plaintiff's] motion to amend the complaint rendered moot [defendant's] motion to dismiss the original complaint.").  But by acquiescing in the putative practice, Plaintiffs failed to preserve their right to amend.  *See In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884-85 (8th Cir. 2009) ("'[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.'" (quoting *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985)); *Evergreen Invs., LLC v. FCL Graphics, Inc.*, 334 F.3d 750, 757 (8th Cir. 2003) ("A party may not stand idly by, watching the proceedings and allowing the district court to commit error on which the party subsequently complains."); *Steele v. City of Bemidji*, 257 F.3d 902, 905 (8th Cir. 2001) ("[A]lthough [plaintiff] argues on appeal that he should have been allowed to amend his complaint, he cannot fault the District Court for failing to grant him leave to amend when he did not seek permission to do so.").

The June 29 Order adequately addresses the remaining arguments asserted by Plaintiffs in their Memorandum dated July 13, 2012.  The Court discerns no error in the June 29 Order.

Dated: July 24, 2012

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge