UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

   Plaintiffs,

v.                   Civil No. 10-4257 (JNE/AJB)
                     ORDER

Ivy Tower Minneapolis, LLC, et al.,

   Defendants.

   This action arises out of purchase agreements executed by Streambend Properties II, LLC, and Streambend Properties VIII, LLC,[1] for two condominiums in a development in Minneapolis, Minnesota. The case is before the Court on two motions to dismiss the Second

---

[1] According to the Second Amended Complaint, Plaintiffs signed the purchase agreements on October 23, 2004. A database available on the Minnesota Secretary of State's website reveals that Streambend Properties II and Streambend Properties VIII filed articles of organization on October 29, 2004, and November 2, 2004, respectively. Consequently, Plaintiffs did not exist when they allegedly signed the purchase agreements. *See* Minn. Stat. § 322B.175 (2012) (stating that "limited liability company existence begins when the articles of organization are filed with the secretary of state accompanied by a payment"). The Court afforded the parties an opportunity to brief the issues of (1) the legal effect of Plaintiffs' signatures on the purchase agreements before Plaintiffs existed and (2) the viability of Plaintiffs' claims given that Plaintiffs signed the purchase agreements before they existed. The parties did not adequately address the issues. The Court expresses no opinion on them. *Compare Streambend Props. III, LLC v. Sexton Lofts, LLC*, Civil No. 10-4745 (MJD/SER), 2013 WL 673854, at *9 (D. Minn. Jan. 28, 2013) ("Having determined that the State Court Decision meets the Minnesota standard for collateral estoppel, this Court must acknowledge that Judge Howard decided that Streambend did not exist on October 27, 2004, and therefore never made a valid contract to purchase Units 410 and 510 of Sexton Lofts."), *adopted*, 2013 WL 674014 (D. Minn. Feb. 25, 2013), *with Almac, Inc. v. JRH Dev., Inc.*, 391 N.W.2d 919, 924 (Minn. Ct. App. 1986) ("A promoter of a corporation yet to be formed may make contracts for the corporation. Once the existence of the corporation is established, the corporation will be liable upon those contracts if it adopts them."). *See generally* 1A William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 214 (perm. ed., rev. vol. 2010) ("[I]f a corporation can be held liable under a preincorporation contract made in its behalf, the corporation should have the right to enforce the terms of the contract."). Plaintiffs' motion to supplement their supplemental memorandum is denied.

Amended Complaint.[2] *See* Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court grants in part and denies in part the motions.

Matters outside the pleadings have been presented to the Court. The Court excludes them and considers the motions under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(d). In ruling on a motion under Rule 12(b)(6), a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009). Although a pleading is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

The Second Amended Complaint contains fifteen counts. In Counts I and II, Plaintiffs claim that all defendants—Ivy Tower Minneapolis, LLC; Ivy Tower Development, LLC; Moody Group, LLC; Goben Enterprises, LP; Wischermann Holdings, LLC; Jeffrey Laux; Gary Benson; Commonwealth Land Title Insurance Company, LLC; John Doe; Mary Rowe; and XYZ Corp.—

---

[2] A brief review of this action's procedural history follows. The Court dismissed the Complaint with prejudice as to Burnet Realty, LLC, and, as to all other defendants, dismissed Counts I and II with prejudice and Counts III to XI without prejudice. Plaintiffs appealed. They expressly disclaimed an appeal of Burnet Realty's dismissal. The Eighth Circuit reversed the dismissal of Counts I and II and remanded for further proceedings. On remand, Plaintiffs obtained leave to file a First Amended Complaint. Motions to dismiss the First Amended Complaint were filed. The Court denied the motions as moot after Plaintiffs obtained leave to file a Second Amended Complaint. The magistrate judge ordered Plaintiffs not to name Burnet Realty as a defendant in the Second Amended Complaint or to assert any claims against it. Plaintiffs nevertheless included Burnet Realty as a defendant in the Second Amended Complaint's caption and sought a judgment against it in their requested relief. To the extent the Second Amended Complaint purports to assert claims against Burnet Realty, the Second Amended Complaint is stricken.

violated the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. § 1703(a)(2)(A)-(C) (2006). Count III asserts that all defendants violated the Minnesota Common Interest Ownership Act. The Second Amended Complaint states that Count IV has been withdrawn. Count V is a claim of wrongful cancellation asserted against all defendants except Commonwealth Land Title Insurance. Count VI is a claim of breach of contract asserted against Ivy Tower Minneapolis. In Count VII, Plaintiffs assert a claim of unjust enrichment against all defendants. In Count VIII, Plaintiffs bring a claim under Minn. Stat. § 555.01 against all defendants. The Second Amended Complaint states that Count IX has been withdrawn. In Count X, Plaintiffs assert a claim of conversion against all defendants. Count XI claims that Commonwealth Land Title Insurance violated Minn. Stat. § 82.75 (2012). Count XII is a claim of negligent misrepresentation asserted against all defendants except Commonwealth Land Title Insurance. The Second Amended Complaint states that Count XIII is a claim of negligent misrepresentation against Burnet Realty and that the claim has been stricken. Count XIV is a claim of negligent misrepresentation against Commonwealth Land Title Insurance. Finally, in Count XV, Plaintiffs assert a claim of breach of fiduciary duty against Commonwealth Land Title Insurance.

As noted above, two motions to dismiss are before the Court. Ivy Tower Minneapolis, Ivy Tower Development, Moody Group, Goben Enterprises, Laux, and Benson (collectively, Ivy Parties) filed one of the motions. Their motion seeks the dismissal of all counts asserted against Ivy Tower Development, Moody Group, Goben Enterprises, Laux, and Benson, as well as the dismissal of Counts I, II, VII, and XII against Ivy Tower Minneapolis. Wischermann Holdings filed the other motion to dismiss. It seeks the dismissal of all claims asserted against it.

The Court begins with Counts I and II, the claims that assert violations of the ILSFDA. The Act provides:

> It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails . . .
>
>> (2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title—
>>
>>> (A) to employ any device, scheme, or artifice to defraud;
>>>
>>> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision; [or]
>>>
>>> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser . . . .

15 U.S.C. § 1703(a)(2)(A)-(C). The Ivy Parties and Wischermann Holdings maintain that Counts I and II should be dismissed because Plaintiffs failed to plead the claims with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. Ivy Tower Development, Moody Group, Goben Enterprises, Laux, Benson, and Wischermann Holdings also maintain that Plaintiffs failed to sufficiently allege that they are "developers" within the meaning of the Act. Plaintiffs contend that Rule 9(b) does not apply to the claims under the Act, that they nevertheless satisfied Rule 9(b), and that they sufficiently alleged that Ivy Tower Development, Moody Group, Goben Enterprises, Laux, Benson, and Wischermann Holdings may be liable under the Act.

"In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Section 1703(a)(2)(A)-(C) proscribes fraudulent conduct. The

4

Court concludes that Rule 9(b) applies to Plaintiffs' claims under the ILSFDA. *See Oginsky v. Paragon Props. of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1366-67 (S.D. Fla. 2011).[3]

> Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." The level of particularity required depends on, *inter alia*, the nature of the case and the relationship between the parties. "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Rule 9(b) should be read "in harmony with the principles of notice pleading."

*BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) (citations omitted); *see Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009).

According to the Ivy Parties and Wischermann Holdings, Plaintiffs failed to satisfy Rule 9(b) because they made general allegations of misconduct against them as a group instead of specific allegations of each defendant's misconduct. *See Trooien v. Mansour*, 608 F.3d 1020, 1030 (8th Cir. 2010) ("It is not sufficient to attribute alleged false statements to 'defendants' generally."); *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997) ("Defendants are left to guess which controlling shareholders were responsible for this alleged fraud."). Count I is asserted against the six Ivy Parties, Wischermann Holdings, Commonwealth Land Title Insurance, and the three unidentified defendants. It alleges that the Ivy Parties, Wischermann Holdings, and others "directly or indirectly through any series or chain of subsidiaries or other entities" created documents that were provided to Plaintiffs before the execution of the purchase agreements or last payment of earnest monies. The count identifies several false statements or omissions attributed to "Developers"—which the Second Amended Complaint defines as twelve

---

[3] Plaintiffs cited *Husted v. Amrep Corp.*, 429 F. Supp. 298 (S.D.N.Y. 1977), to support the proposition that Rule 9(b) does not apply to their claims under the ILSFDA. *Husted* applied Rule 9(b) to a claim for violations of § 1703. 429 F. Supp. at 309-10.

5

individuals or entities, including the Ivy Parties and Wischermann Holdings—or the defendants. The paragraphs that precede Count I, which are incorporated by reference, do not contain any greater particularity. They too repeatedly allege that the Ivy Parties or Wischermann Holdings took action "directly or indirectly through any chain of subsidiaries or other entities." As to the Ivy Parties and Wischermann Holdings, the Court concludes that Plaintiffs failed to plead Count I with the requisite particularity.[4] The Court grants the Ivy Parties' and Wischermann Holdings' motions to dismiss Count I.

Count II suffers from the same defects that are present in Count I. Count II is asserted against the six Ivy Parties, Wischermann Holdings, Commonwealth Land Title Insurance, and the three unidentified defendants. It claims that "Developers" or "Defendants" employed devices, schemes, or artifices to defraud and that "Developers" or "Defendants" engaged in conduct that operated or would have operated as a fraud or deceit upon a purchaser. The preceding paragraphs of the Second Amended Complaint, which are incorporated by reference, fail to provide the requisite particularity. The Second Amended Complaint repeatedly asserts that the Ivy Parties and Wischermann Holdings took action "directly or indirectly through any chain of subsidiaries or other entities." As to the Ivy Parties and Wischermann Holdings, the Court concludes that Plaintiffs failed to plead Count II with the requisite particularity. The Court grants the Ivy Parties' and Wischermann Holdings' motions to dismiss Count II.

---

[4] According to Plaintiffs, the Second Amended Complaint "eliminates reliance upon the group pleading doctrine." They nevertheless argue that the doctrine "represents acceptable practice in this district." "[I]t is not clear that the group pleading doctrine is viable in [the Eighth Circuit]." *Bank of Montreal v. Avalon Capital Grp., Inc.*, 743 F. Supp. 2d 1021, 1029 (D. Minn. 2010); *see Block v. Toyota Motor Corp.*, 795 F. Supp. 2d 880, 889 (D. Minn. 2011); *cf. In re Cabletron Sys., Inc.*, 311 F.3d 11, 40 (1st Cir. 2002) ("This circuit has recognized a very limited version of the group pleading doctrine for securities fraud. There is presently great debate about the doctrine's continued existence after enactment of the PSLRA." (citation omitted)). "The doctrine is aimed at securities fraud cases . . . ." *Bank of Montreal*, 743 F. Supp. 2d at 1029.

A district court may decline to exercise supplemental jurisdiction over a claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2) (2006); *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966) ("Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed."); *Oneida Indian Nation of N.Y. v. Madison Cnty.*, 665 F.3d 408, 439 (2d Cir. 2011) ("Even if the existence of one narrow surviving federal claim means that not '*all* claims over which [the district court] has original jurisdiction' have been dismissed, it has nonetheless become clear that the state-law claims now 'substantially predominate[]' in this litigation." (alterations in original) (citations omitted)), *petition for cert. filed*, 81 U.S.L.W. 3277 (U.S. Nov. 12, 2012) (No. 12-604). Counts I and II of the Second Amended Complaint are the sole claims within the Court's original jurisdiction. Those counts have been dismissed as to all identified defendants except Commonwealth Land Title Insurance, which answered the Second Amended Complaint. The remaining claims are for violation of the Minnesota Common Interest Ownership Act, wrongful cancellation, breach of contract, unjust enrichment, declaratory relief, conversion, violation of Minn. Stat. § 82.75, negligent misrepresentation, and breach of fiduciary duty. Several actions that were heard in state court arose out of the condominium development in which Plaintiffs executed purchase agreements. The state-law claims substantially predominate over the surviving federal claims. The Court declines to exercise supplemental jurisdiction over the state-law claims.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wischermann Holdings' Motion to Dismiss Second Amended Complaint [Docket No. 131] is GRANTED IN PART and DENIED IN PART.

7

2. The Ivy Parties' Motion to Dismiss Second Amended Complaint [Docket No. 137] is GRANTED IN PART and DENIED IN PART.

3. To the extent the Second Amended Complaint purports to assert claims against Burnet Realty, the Second Amended Complaint is stricken.

4. Plaintiffs' motion to supplement [Docket No. 173] is DENIED.

5. Counts I and II of the Second Amended Complaint are DISMISSED WITH PREJUDICE as to the Ivy Parties and Wischermann Holdings.

6. Counts III, V, VI, VII, VIII, X, XI, XII, XIV, and XV of the Second Amended Complaint are DISMISSED WITHOUT PREJUDICE.

Dated: July 10, 2013

                                            s/Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge