UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

      Plaintiffs,

v.                                                                                                          Civil No. 10-4257 (JNE/JJG)
                                                                                                            ORDER
Ivy Tower Minneapolis, LLC, Ivy Tower
Development, LLC, Moody Group, LLC,
Goben Enterprises, LP, Wischermann
Holdings, LLC, Jeffrey Laux, Gary Benson,
Burnet Realty, LLC, Commonwealth Land
Title Insurance Company, LLC, John Doe,
Mary Rowe, and XYZ, Corp.,

      Defendants.

      This action arises out of purchase agreements executed by Plaintiffs Streambend Properties II, LLC, and Streambend Properties VIII, LLC,[1] for two condominiums in a development in Minneapolis, Minnesota. Plaintiffs' Second Amended Complaint asserted claims under the Interstate Land Sales Full Disclosure Act (ILSFDA), 15 U.S.C. § 1703(a)(2)(A)-(C) (2012), as well as state law. In July 2013, the Court struck the Second Amended Complaint insofar as it purported to assert claims against Burnet Realty; dismissed with prejudice the ILSFDA claims against all identified defendants

---

[1] According to the Second Amended Complaint, Plaintiffs signed the purchase agreements on October 23, 2004. A database available on the Minnesota Secretary of State's website reveals that Streambend Properties II and Streambend Properties VIII filed articles of organization on October 29, 2004, and November 2, 2004, respectively. Consequently, Plaintiffs did not exist when they allegedly signed the purchase agreements. *See* Minn. Stat. § 322B.175 (2012) (stating that "limited liability company existence begins when the articles of organization are filed with the secretary of state accompanied by a payment").

1

except Commonwealth Land Title Insurance Company, LLC (Commonwealth); concluded that Plaintiffs' state-law claims substantially predominated over the remaining federal claims; declined to exercise supplemental jurisdiction over the state-law claims; and dismissed the state-law claims without prejudice.[2] The case is before the Court on Plaintiffs' objections to an Order issued by the magistrate judge on January 2, 2014; Plaintiffs' motion for summary judgment; and Commonwealth's motion for summary judgment. For the reasons set forth below, the Court overrules the objections, affirms the January 2 Order, denies Plaintiffs' motion for summary judgment, and grants in part and denies in part Commonwealth's motion for summary judgment.[3]

*Plaintiffs' objections to the January 2 Order*

After the Court's July 2013 Order had issued, the magistrate judge denied Plaintiffs' Third Motion to Amend Complaint and Motion for Leave to Substitute Proposed Amended Complaint. The magistrate judge also struck Plaintiffs' Motion to Compel Discovery of Developer Parties, Motion to Amend Scheduling Order, and Motion to Amend Complaint to Seek Punitive Damages. Plaintiffs objected to the January 2 Order. The Court has reviewed the record. Based on that review, the Court

---

[2]   The list of dismissed state-law claims did not include Counts IV, IX, and XIII because the Second Amended Complaint stated that Count IV and IX had been withdrawn and that Count XIII had been stricken.

[3]   Notwithstanding the dismissal of the state-law claims without prejudice, Plaintiffs and Commonwealth addressed the state-law claims in the motion papers. To the extent Plaintiffs and Commonwealth moved for summary judgment on the state-law claims, the motions are denied.

2

affirms the January 2 Order because it is neither "clearly erroneous" nor "contrary to law." *See* 28 U.S.C. § 636(b)(1)(A) (2012); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

*Motions for summary judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record," show "that the materials cited do not establish the absence or presence of a genuine dispute," or show "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view genuinely disputed facts in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiffs and Commonwealth moved for summary judgment on Plaintiffs' ILSFDA claims. The Act provides that "[a] purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title." 15 U.S.C. § 1709(a) (2012). Section 1703(a) provides in part:

> It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails . . .

>> (2) with respect to the sale or lease, or offer to sell or lease, any lot not exempt under section 1702(a) of this title—
>
>> (A) to employ any device, scheme, or artifice to defraud;
>
>> (B) to obtain money or property by means of any untrue statement of a material fact, or any omission to state a material fact necessary in order to make the statements made (in light of the circumstances in which they were made and within the context of the overall offer and sale or lease) not misleading, with respect to any information pertinent to the lot or subdivision; [or]
>
>> (C) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon a purchaser . . . .

*Id.* § 1703(a)(2)(A)-(C).

Commonwealth moved for summary judgment on the ground that it is neither a developer nor an agent. Commonwealth argued that it did not sell the condominiums to Plaintiffs and that it did not act as a real estate agent for the seller. Instead, it acted as an escrow agent. Plaintiffs asserted that "Commonwealth acted as an agent of the developer by 'supervising the disbursement of loan funds under the construction loan agreement' and by administering the earnest money trust accounts."

The ILSFDA defines "developer" as "any person who, directly or indirectly, sells or leases, or offers to sell or lease, or advertises for sale or lease any lots in a subdivision." *Id.* § 1701(5). An "agent" is "any person who represents, or acts for or on behalf of, a developer in selling or leasing, or offering to sell or lease, any lot or lots in a subdivision." *Id.* § 1701(6). The definition of "agent" excludes "an attorney at law whose representation of another person consists solely of rendering legal services." *Id.* "'[O]ffer' includes any inducement, solicitation, or attempt to encourage a person to

4

acquire a lot in a subdivision." *Id.* § 1701(11). A "sale" is "any obligation or arrangement for consideration to purchase or lease a lot directly or indirectly." 24 C.F.R. § 1710.1(b) (2013).

It is undisputed that Commonwealth did not sell or offer to sell the condominiums to Plaintiffs; that Plaintiffs executed purchase agreements; that Commonwealth did not execute the purchase agreements; that Plaintiffs paid earnest money to Commonwealth as contemplated by the purchase agreements;[4] that Commonwealth deposited the earnest money in trust accounts; and that Commonwealth subsequently disbursed funds from the accounts. It is also undisputed that Commonwealth agreed in December 2005 to supervise the disbursement of loan funds under a construction loan agreement between Ivy Tower Minneapolis, LLC, and a lender. Nothing about Commonwealth's role as escrow agent indicates that Commonwealth represented, or acted for or on behalf of, a developer in selling or offering to sell the condominiums to Plaintiffs. Nothing about Commonwealth's agreement in December 2005 to supervise the disbursement of loan funds under the construction loan agreement reveals that Commonwealth represented, or acted for or on behalf of, a developer in selling or offering to sell the condominiums to Plaintiffs. Viewed in the light most favorable to Plaintiffs, the record reveals that Commonwealth was neither a developer nor an agent within the meaning of the ILSFDA. *Cf. In re Total Realty Mgmt., LLC*, 706 F.3d 245, 253 (4th Cir 2013) ("Given the Interstate Land Sales Act's plain language, Congress's intent to address fraudulent

---

[4] As noted above, Plaintiffs did not exist when they allegedly signed the purchase agreements. The earnest money came from an individual's account.

5

promotion in enacting the statute, and our precedent stating that the Interstate Land Sales Act should be read broadly, we . . . hold that the Interstate Land Sales Act's fraud provision encompasses entities that participated in the advertising and promotional efforts leading to a challenged real estate transaction, even if they ultimately were not party to the transaction."); *Synovus Bank v. Coleman*, 887 F. Supp. 2d 659, 667 (W.D.N.C. 2012) ("Lending institutions acting in the ordinary course of their business are generally not considered developers within the meaning of the ILSA.  'It is only where a financial institution acts beyond its ordinary course of dealing as a lending institution and participates in the actual development, marketing or sale of property that liability may arise under ILSA.'" (citations omitted)); *Hammar v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 757 F. Supp. 698, 706 (W.D. Va. 1990) ("The Act is aimed at developers and agents.  It has been construed to include all of those engaged in the selling effort . . . it has also been construed to include banks whose involvement with developers exceeds their ordinary course of business . . . .").

Even if Commonwealth is not an agent, Plaintiffs argued that Commonwealth may be liable under the ILSFDA because "Commonwealth aided and abetted the wrongful conduct of the developers."  *See McCown v. Heidler*, 527 F.2d 204, 207 (10th Cir. 1975).  Commonwealth maintained that Plaintiffs failed to support their assertion that Commonwealth aided and abetted a developer's violation of the ILSFDA.  The Court assumes that a plaintiff may hold a defendant liable under the ILSFDA as an aider and

abettor.[5]  Plaintiffs have not directed the Court to any evidence that supports their assertions that Commonwealth "was integral to the wrongful conduct of the developers" and that Commonwealth "was a participating planner in the sale of the units."  The Court concludes that Plaintiffs failed to direct the Court to evidence that raises a genuine issue of material fact as to whether Commonwealth aided and abetted a developer's violation of the ILSFDA.  *See Bartholomew v. Northampton Nat'l Bank of Easton*, 584 F.2d 1288, 1294 (3d Cir. 1978) ("The court in *McCown* believed that aiding and abetting liability could be established by proof that defendants provided 'knowing assistance of or participation in a fraudulent scheme.'").

Viewing the record in the light most favorable to Plaintiffs, the Court concludes that Commonwealth is neither a developer nor an agent within the meaning of the ILSFDA and that whether Commonwealth did not aid and abet a developer's violation of the ILSFDA.  The Court therefore grants Commonwealth's motion and denies Plaintiffs' motion on the ILSFDA claims.[6]

---

[5]  Noting that the reasoning of *McCown* was undermined by a later decision of the Supreme Court, one district court held that "no cause of action for aider and abettor liability under the [ILSFDA] exists."  *RFT Mgmt. Co. v. Gilbert*, C.A. No. 8:10-2503-TMC, 2012 WL 252794, at *3 & n.3 (D.S.C. Jan. 26, 2012).  Another district court stated that "[s]ection 1703(a)(2) contains no prohibition on 'aiding and abetting' a violation of the ILSFDA."  *Aaron v. Trump Org., Inc.*, No. 8:09–cv–2493–T–23AEP, 2011 WL 2784151, at *5 (M.D. Fla. July 15, 2011).

[6]  The Court declines to consider the additional arguments raised by Commonwealth in support of its motion for summary judgment on the ILSFDA claims.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' objections [Docket No. 242] are OVERRULED.  The magistrate judge's January 2, 2014, Order [Docket No. 240] is AFFIRMED.

2. Plaintiffs' motion for summary judgment [Docket No. 221] is DENIED.

3. Commonwealth's motion for summary judgment [Docket No. 216] is GRANTED IN PART and DENIED IN PART.

4. To the extent the Second Amended Complaint purports to assert claims against Burnet Realty, the Second Amended Complaint is stricken.

5. As to Ivy Tower Minneapolis, LLC, Ivy Tower Development, LLC, Moody Group, LLC, Goben Enterprises, LP, Jeffrey Laux, Gary Benson, Wischermann Holdings, LLC, and Commonwealth Land Title Insurance Company, LLC, Counts I and II of the Second Amended Complaint are DISMISSED WITH PREJUDICE.

6. Counts III, V, VI, VII, VIII, X, XI, XII, XIV, and XV of the Second Amended Complaint are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 20, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge