UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Streambend Properties II, LLC, and
Streambend Properties VIII, LLC,

      Plaintiffs,

v.                                                                                          Civil No. 10-4257 (JNE)
                                                                                            ORDER
Ivy Tower Minneapolis, LLC, Ivy Tower
Development, LLC, Moody Group, LLC,
Goben Enterprises, LP, Wischermann
Holdings, LLC, Jeffrey Laux, Gary Benson,
Burnet Realty, LLC, Commonwealth Land
Title Insurance Company, LLC, John Doe,
Mary Rowe, and XYZ, Corp.,

      Defendants.

In March 2014, the Court dismissed Plaintiffs' claims and entered judgment. Plaintiffs appealed, and the Eighth Circuit affirmed. *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003 (8th Cir. 2015).

Approximately one month later, Jerald Hammann, Plaintiffs' owner, submitted Appellants' Motion for Recognition of Assignment of Claims and to Permit Pro Se Representation to the Eighth Circuit. On May 15, 2015, the Eighth Circuit denied the motion.

Approximately one month later, Hammann submitted a Motion for Substitution of Parties to the Eighth Circuit. On June 17, 2015, the Eighth Circuit declined to file the motion: "Hammann has submitted pro se pleadings to the court. The court denied his motion for recognition of assignment of claims and to permit pro se representation on May 15, 2015. Pursuant to that order, these new pleadings will not be filed."

Less than two weeks later, Hammann submitted a Motion for Joinder or Substitution of Parties to this Court. The Court denied the motion.

At approximately the same time, Hammann filed a motion to direct the clerk to file a petition for a writ of certiorari by him, pro se, as assignee in the Supreme Court. The Supreme Court denied the motion in October 2015.

In the meantime, in August 2015, Hammann filed a Motion for Extension of Time to File Notice of Appeal in this Court. The Court denied the motion. Hammann appealed the denials of his Motion for Joinder or Substitution of Parties and his Motion for Extension of Time to File Notice of Appeal. In November 2015, the Eighth Circuit affirmed. The Eighth Circuit also denied Hammann's Motion for Substitution of Parties. In February 2016, Hammann filed a petition for a writ of certiorari. In May 2016, the Supreme Court denied the petition.

Less than one month later, Plaintiffs filed a motion to direct the clerk to file a petition for a writ of certiorari out of time in the Supreme Court. The Supreme Court denied the motion in October 2016.

Approximately one month later, Plaintiffs filed a Motion for Relief from Judgment in this Court. They also filed a Motion for Substitution of Parties. For the following reasons, the Court denies the motions.

*Motion for Substitution of Parties*

Plaintiffs moved to substitute Hammann in their place, asserting they transferred their interest in this action to him. The Eighth Circuit and this Court have previously denied Hammann's motions for substitution of parties. The Court denies Plaintiffs'

Motion for Substitution of Parties.  *See* Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

*Motion for Relief from Judgment*

Plaintiffs moved to vacate the judgment that was entered in March 2014.  They relied on Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure.  Rule 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time . . . ."  Fed. R. Civ. P. 60(c).

Citing *Pierce v. Apple Valley, Inc.*, 597 F. Supp. 1480 (S.D. Ohio 1984), and orders issued by the Consumer Financial Protection Bureau in December 2013 and May 2015, Plaintiffs asserted that the Eighth Circuit's decision that affirmed the March 2014 judgment is "clearly erroneous" and conflicts with determinations of the Department of Housing and Urban Development and the Consumer Financial Protection Bureau.  They cited *Pierce* in the brief that they submitted in support of their appeal.  Plaintiffs asserted they discovered the Consumer Financial Protection Bureau's determinations after they contacted the Bureau in May 2015.

"Just as a Rule 60(b) motion cannot be used to relitigate the merits of a district court's prior judgment in lieu of a timely appeal, nor can it be used to collaterally attack a final court of appeals' ruling in lieu of a proper petition for review in the United States Supreme Court." *In re SDDS, Inc.*, 225 F.3d 970, 972 (8th Cir. 2000). Plaintiffs did not properly petition for review in the Supreme Court. Their Rule 60 motion is an improper collateral attack on the Eighth Circuit's decision that affirmed the March 2014 judgment.

Even if Plaintiffs' Rule 60 motion were not such an improper collateral attack, Plaintiffs did not file the motion within a reasonable time. Plaintiffs filed their Rule 60 motion approximately 32 months after entry of the March 2014 judgment.

Setting aside the timing of Plaintiffs' motion, the Court discerns nothing in Rule 60(b)(5) that affords relief from the March 2014 judgment to Plaintiffs. The March 2014 judgment is not one that "has been satisfied, released or discharged." It is not "based on an earlier judgment that has been reversed or vacated." And it is not one that has prospective application within the meaning of Rule 60(b)(5). *See In re Racing Servs., Inc.*, 571 F.3d 729, 733 (8th Cir. 2009).

As to Rule 60(b)(6), nothing in Plaintiffs' motion presents extraordinary circumstances that would warrant relief from the March 2014 judgment. *See Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir.1999) ("Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances. Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." (citation omitted)); *cf. Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000) (stating

4

that "[i]t remains the law in this Circuit that 'relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available" and that a Rule 60(b) motion alleging judicial inadvertence must be made within the time period allowed for appeal).

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Relief from Judgment [Docket No. 278] is DENIED.

2. Plaintiffs' Motion for Substitution of Parties [Docket No. 287] is DENIED.

Dated: January 6, 2017

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge